ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,

    Plaintiff,

    v.

DONALD ROMINE, Warden,

    Defendant.

Civil No. 1:CV-01-1005
(Caldwell, J.)
(Smyser, M.J.)

FILED
HARRISBURG, PA

JAN 0 2 2002

MARY E. D'ANDREA, CL[ERK]
Per _____
Deputy Clerk

BRIEF IN OPPOSITION TO DEFENDANT ROMINE'S
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

This brief is submitted in opposition to defendant Romine's motion to dismiss and for summary judgment. The defendant makes the following arguments: (1) "the doctrine of respondeat superior cannot form the basis of a Bivens claim"; (2) "sovereign immunity bars Norwood's suit for money damages against the Warden in his official capacity"; and (3) summary judgment is appropriate as the dietary laws of Norwood's faith do not require the use of disposable utencils". (Def.'s br. at p.(s) 1-2). All of the defendant's claims are without merit.

A.   Defendant Romine is Personally Liable.

The doctrine of respondeat superior is not applicable because the defendant's own exhibits demonstrate that he was personally involved in the acts which form the basis of his complaint. See Brown v. Grabowski, 922 F2d. 1097, 1120 (3d. Cir. 1990). Defendant Romine's Exhibits #000029 and 000030, are

copies of the plaintiff's "Request for Administrative Remedy", wherein the plaintiff complained to the defendant that his constitutional rights were being violated by his removal from the commonfare or "certified, processed food component of the religious diet program". These documents bear the signature of the defendant, Donald Romine. The defendant's claim that he had no personal involvement in the actions complained of is utterly ridiculous and must be rejected. Brown v. Grabowski, supra, at 1120.

 B.  Romine is Not Entitled to Sovereign Immunity.

The defendant is being sued in his individual capacity. Therefore, the defense of sovereign immunity does not apply. See Haines v. Kerner, 404 U.S. 519 (1972) (Pro Se litigants should have their pleadings construed liberally)

 C. There Are Genuine Issues of Material Fact As the Plaintiff Was Entitled to Participate in the Bureau of Prisons' Commonfare or "Certified, Processed Food Component of the Religious Diet Program" As a Part of Accomodating His Practice Of His Religion.

The defendant has mischaractarized the plaintiff's claim as being one asserting that his religious group requires that he eat from disposable utencils. (Def.'s Br. at p.(s) 3-4, 8, and 10-11). At page 2 of the plaintiff's Amended Complaint, his claim is clearly stated, as follows: "[T]he plaintiff pointed out that serving him meals previously cooked on utencils that have been used to serve or prepare pork violated the

-2-

dietary laws of the Nation of Islam. In addition, the plaintiff referenced several sections of the NOI holy book, 'How to Eat to Live', by the Honorable Elijah Muhammad, which gives believers stern warnings to avoid even incidental contact with pork." Simply put, the plaintiff's claims have nothing to do with being provided disposable eating utencils in pursuit of his religious practice and everything to do with the fact that forcing the plaintiff to "self-select" food from the prison's "mainline component" of the religious diet (Def.'s Br. at p. 3), from pots and eating utencils that have been have been used to serve or prepare pork, where the defendant is/was aware that Lewisburg's food-service department does not have Kosher or Halal washing facilities which would guarantee that the plaintiff would not be exposed to incidental cross contamination with the forbidden swine, violated his right to practice his religion, protected by the First Amendment to the Constitution and 42 U.S.C. § 2000bb. See Majid v. Wilhelm, 110 F.Supp2d. 251 (SDNY 2000) and Shaheed-Muhammad v. DiPaolo, 138 F.Supp2d. 99 (D. Mass. 2001) (both holding that a prisoner's claim for money damages based on prison officials' refusal to accomodate religious dietary request states a cause of action upon which relief can be granted).

Moreover, the defendant failed to explain why "Sunni Muslim" prisoners at Lewisburg who relied upon the Holy Qu'ran as the reason for requesting participation in the commonfare or certified, processed food component of the religious diet program were not removed from the program, while all members of the Nation of Islam, including the plaintiff, were so removed. In this regard, it is significant to note that Lewisburg's Religious Services' staff member who interviewed the plaintiff, "Abdulfattah Jamiu, is a Sunni Muslim". (Def. Br. at p. 3, n.2)

Summary judgment in the defendant's favor would clearly be inappropriate in this case. See <u>Allah v. Al Hafez</u>, 226 F3d. 247, 249 (3d. Cir. 2000) (holding that courts must construe motion for summary judgment in favor of party opposing summary judgment.

D. <u>CONCLUSION</u>

For these reasons, the defendant's motion must be denied.

                                Respectfully submitted,

                                *Michael Norwood*
                                MICHAEL NORWOOD, Pro se
                                P.O. Box 1000
                                Lewisburg, PA  17837

Dated: December 26, 2001

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Brief in Opposition to Defendant Romine's Motion to Dismiss and for Summary Judgment has been mailed to Joseph J. Terz, AUSA, 316 Federal Bldg., 240 West Third Street, Williamsport, PA 17703, by placing same in a postage prepaid envelope and by inserting same in a U.S. Mailbox this 26th day of December, 2001.

_____
MICHAEL NORWOOD