MCC:JJT:mel:2001V01054

FILED
WILLIAMSPORT, PA

JAN 14 2002

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,
    Plaintiff

v.   :   Civil No. 1:CV-01-1005
     :   (Caldwell, J.)
DONALD ROMINE, Warden,   :   (Smyser, M.J.)
    Defendant

### REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S
### MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

#### Procedural History

Norwood initiated this <u>Bivens</u> cause of action on June 6, 2001, against Warden Romine, alleging his rights under the Religious Freedom Restoration Act are being violated because his meals are being served to him with utensils which were previously used to serve or prepare pork. A motion to dismiss and for summary judgment with supporting brief and documents have been filed on behalf of the Warden. Specifically, in his motion, the Warden argued that (1) the doctrine of <u>respondeat superior</u> cannot form the basis of a <u>Bivens</u> claim; (2) sovereign immunity bars Norwood's suit for money damages against the Warden in his official capacity; and (3) summary judgment is appropriate as the dietary laws of Norwood's faith do not require the use of

disposable utensils. Norwood has opposed the motion and this brief is submitted in reply thereto.

### Argument

In opposing defendant's motion, Norwood first argues that "the doctrine of <u>respondeat superior</u> is not applicable because the defendant's own exhibits demonstrate that he was personally involved in the acts which form the basis of this complaint." (Brf. in Opp. at 1.) The exhibits to which Norwood refers is the Request for Administrative Remedy he submitted to the Warden on November 9, 2000 (Record, p. 29) and the Warden's denial of the remedy request. Norwood claims that because the denial bears Warden Romine's signature, he was personally involved in the violation of his constitutional rights.

As explained in <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988),

> [a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

845 F.2d at 1207. In this case, the only apparent basis for liability asserted by Norton is that he submitted a grievance to the Warden, presumably in order to comply with the requirement of exhaustion of administrative remedies. However, the rejection of an administrative remedy does not constitute personal involvement

2

in constitutional misconduct. "To hold otherwise would unfairly expose such officials to liability in countless inmate litigation matters and undermine the exhaustion of administrative remedy requirement." <u>Hinebaugh v. Davis</u>, No. 3:CV-99-1647, <u>slip op</u>. at 8-9 (M.D. Pa., Sept. 22, 2000) (Conaboy, J.) (copy attached). Thus, Warden Romine should be dismissed from this action.

Second, Norton argues against an entry of summary judgment in the Warden's favor because the defendant has mischaracterized his claim as being one asserting that his religious group requires that he eat from disposable utensils. (Brf. in Opp. at 2.) It is noted, however, that in his administrative remedy appeal to the Central Office, Norwood requested that he be provided commonfare meals because "commonfare meals are prepared with ***disposable utensils***, thereby eliminating even the possibility of incidental exposure to the forbidden swine through contaminated utensils." (Record, p. 25)(emphasis added).

Norwood now states his claims "have nothing to do with being provided disposable eating utencils [sic] in pursuit of his religious practice and everything to do with the fact that forcing the plaintiff to 'self-select' food from the prison's mainline component of the religious diet . . ., from pots and eating utensils [that have been] used to serve or prepare pork, where the defendant is/was aware that Lewisburg's food-service department does not have Kosher or Halal washing facilities which

3

would guarantee that the plaintiff would not be exposed to incidental cross contamination with the forbidden swine, . . ." (Brf. in Opp. at 3.)

Regardless of Norwood's assertion now, however, the determination that Norwood's dietary needs could be met by self-selection from the mainline component of the religious diet was based on Norwood's interview with religious services staff and his self-stated membership with the Nation of Islam and his stated adherence to its teachings. (Record, pg. 2.) According to the founder of the Nation of Islam, the religious group to which Norwood claims membership, there are no special cleaning requirements for eating utensils. (Id.)

As such, Norwood has failed to establish that his religion prohibits him from using thoroughly cleaned utensils even if those utensils were used to prepare pork at prior meals. Therefore, summary judgment is appropriate.

### Conclusion

Wherefore, the motion to dismiss and for summary judgment should be granted with a certification that any appeal would be

deemed frivolous, lacking in probable cause, and not taken in good faith.

          Respectfully submitted,

          MARTIN C. CARLSON
          United States Attorney


          JOSEPH J. TERZ
          Assistant U.S. Attorney
          MICHELE E. LINCALIS
          Paralegal Specialist
          316 Federal Building
          240 West Third Street
          Williamsport, PA  17703

Date: January 14, 2002

cc: NEPO
KLM
BBH
BBW

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

F. LEE HINEBAUGH,                :
                                 :
        Plaintiff                :
                                 :
    v.                           :  CIVIL NO. 3:CV-99-1647
                                 :
GLENN DAVIS, ET AL.,             :  (Judge Conaboy)
                                 :
        Defendants               :

FILED
SCRANTON
SEP 2 2 2000

ORDER

PER ___CTC___
DEPUTY CLERK

### Background

This civil rights action pursuant to 28 U.S.C. § 1331 was initiated by F. Lee Hinebaugh during his prior incarceration at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill).[1] Plaintiff's request to proceed in forma pauperis was previously construed as a motion to proceed without full prepayment of fees and costs and granted.

Named as defendants in the original complaint are the Federal Bureau of Prisons and its following employees: Regional Director David Rardin, Regional Counsel Henry J. Sadowski, and

---

1. The plaintiff has been released from confinement and is presently residing in the Seattle, Washington area.

1

Inmate Appeals Administrator Wendy Roal. The plaintiff is also proceeding against FCI-Schuylkill and three of its employees, Warden R.M. Reish, Associate Warden Michael Federowicz and Unit Manager Glenn Davis.

Following service of the original complaint, the defendants named therein filed a motion seeking dismissal of Hinebaugh's action for failure of the complaint to set forth a claim upon which relief could be granted. Prior to the submission of the above-mentioned dispositive motion, this court by order dated February 29, 2000, consolidated a second, subsequent civil rights complaint filed by the plaintiff, <u>Hinebaugh v. Kostyk, et al.</u>, Civil No. 3:CV-99-2238, into this action.

Plaintiff's consolidated complaint incorporates four (4) of the original defendants and the allegations asserted in his initially filed action. It also names one hundred sixty-one (161) additional federal correctional officials as defendants. They include the Allenwood Low Security Correctional Facility, White Deer, Pennsylvania (LSCI-Allenwood); Federal Correctional Institution, Fort Dix, New Jersey (FCI-Fort Dix); Federal Correctional Institution, Fairton, New Jersey (FCI-Fairton); Federal Correctional Institution, Ray Brook, New York (FCI-Ray

Brook); and various employees at those prisons. A number of other additional defendants are officials employed in administrative positions by the Federal Bureau of Prisons in its national and Northeast Regional offices.

Both complaints are set forth in rambling, excessively drawn out narratives (i.e., plaintiff's consolidated complaint is 196 pages long).[2] The gist of Hinebaugh's claims is that after he initiated formal complaints regarding the alleged presence of asbestos at FCI-Fort Dix, he was subjected to a pattern of harassment and retaliation with respect to his future litigation and administrative grievance efforts. Furthermore, despite having "more than five (5) imminent, pressing, Court deadlines," Hinebaugh was purportedly denied a "legal lay in" which would allow him to remain idle from institutional work in order to perform legal research and typing. See Doc. 1, pages 14-19. His complaints seek injunctive relief, including appointment of counsel, punitive and compensatory damages.

---

2. The consolidated complaint includes a lengthy preface of unnecessary background information, and numerous portions are devoted to setting forth and discussing purportedly relevant case law.

3

As noted above, prior to consolidation of Hinebaugh's subsequently filed complaint, the defendants named in his original complaint submitted a motion to dismiss. Clearly, the motion (Doc. 24) does not address the supplemental allegations set forth in the consolidated complaint.

DISCUSSION

The original defendants assert that they are entitled to an entry of dismissal because: (1) plaintiff's allegations are improperly premised on a theory of respondeat superior; (2) the original complaint fails to set forth a claim upon which relief may be granted; (3) personal jurisdiction does not exist with respect to defendants Rardin, Sadowski, Reish and Roal; (4) personal involvement by Rardin, Sadowski, Reish and Roal in any unconstitutional acts has not been shown; (5) defendants are entitled to qualified immunity; and (6) the doctrine of sovereign immunity is applicable.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d

4

Cir. 1996), our Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This court will now discuss the original defendants' motion in

5

light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is initially noted that a prison or correctional facility is not a person for purposes of civil rights litigation. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.) Sponsler v. Berks County Prison, Civ.A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995); Gonzalez v. Lancaster County Prison, Civ. No. 95-0355, 1995 WL 46697, at *1 (E.D. Pa. Feb. 1, 1995); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). Consequently, FCI-Schuylkill, FCI-Fort Dix, FCI-Fairton, FCI-Ray Brook and LSCI-Allenwood are clearly entitled to an entry of dismissal.

With regard to the Federal Bureau of Prisons (BOP), it is well-settled that a plaintiff, in order to state a viable civil rights claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

6

The United States Supreme Court has ruled that a civil rights action brought against a state "Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). Our Court of Appeals similarly concluded that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977). In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that agencies are not "persons" subject to liability in civil rights actions brought in federal court.

Pursuant to the above discussion, the BOP, a federal agency, is likewise not a person for purposes of civil rights liability and, therefore, not a properly named defendant. See Huffsmith v. United States Department of Justice, Civil No. 3:91-CV-221, slip op. at 2 (M.D. Pa. Feb. 22, 1991) (Kosik, J.) (the United States Department of Justice is not a person for purposes of civil rights liability); Torpy v. United States Bureau of Prisons, Civil No. 3:95-CV-1866, slip op. at page 3, (M.D. Pa. Nov. 20, 1995) (Conaboy, J.).

With respect to the original defendants' initial argument, civil rights claims cannot be premised on a theory of <u>respondeat superior</u>. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976). As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207. Pursuant to those standards, the claims against Defendants Rardin, Sadowski and Roal, all of whom are employed in supervisory positions in the BOP's regional office, are likewise subject to dismissal. Specifically, the only apparent basis for liability asserted by Hinebaugh is that he submitted grievances to Roal, Rardin and Sadowski, presumably in order to

8

comply with the requirement of exhaustion of administrative remedies.

It is the conclusion of this court that the rejection of administrative remedies by BOP regional officials such as Roal, Rardin and Sadowski does not constitute personal involvement in constitutional misconduct. To hold otherwise would unfairly expose such officials to liability in countless inmate litigation matters and undermine the exhaustion of administrative remedies requirement.

The moving defendants next argue that the original complaint fails to assert a claim upon which relief may be granted. Specifically, they contend that the allegations of denial of access to the courts, retaliation and conspiracy are inadequate for purposes of § 1983.

Prison inmates have a constitutional right of meaningful access to law libraries, legal materials or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). Failure to provide inmates with legal research material or trained legal assistance can constitute a constitutional violation. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir. 1991). A recent opinion by the United States Supreme Court, Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable

9

claim under <u>Bounds</u>, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

Although Hinebaugh makes reference to having missed court deadlines, his original complaint fails to set forth a single instance where he suffered any actual injury to a non-frivolous legal claim.[3] Consequently, under the standards announced in <u>Lewis</u>, the motion to dismiss the original complaint's access to the court claims will be granted.

A claim of retaliation by government officials against an inmate for exercising his First Amendment right to register a complaint regarding prison policies is sufficient to set forth a § 1983 claim. <u>Newsom v. Norris</u>, 888 F.2d 371, 376-77 (6th Cir. 1989); <u>see also</u> <u>Adams v. James</u>, 784 F.2d 1077, 1082 (11th Cir. 1986). It is also established, however, that mere conclusory allegations of retaliation may safely be dismissed. <u>Flaherty v. Coughlin</u>, 713 F.2d 10, 13 (2d Cir. 1983).[4]

---

3. This decision is further bolstered by the lengthy and regular submissions filed by plaintiff with this court during the period of his incarceration at FCI-Schuylkill.

4. The <u>Flaherty</u> court added that only complaints which allege "facts giving rise to a colorable suspicion of retaliation" may proceed. <u>Id.</u>

10

There is an apparent split amongst the United States Courts of Appeals in articulating the appropriate test for causation in cases where a prisoner claims retaliation in violation of his or her First Amendment rights. In the First Circuit, a prisoner must prove that prison officials would not have acted "but for" the desire to retaliate. McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979). The Eleventh Circuit, however, has rejected the higher burden of the "but for" test. Adams v. Wainwright, 875 F.2d 1536, 1537 (11th Cir. 1989). In an unreported opinion, our Court of Appeals has stated that "[t]o the extent that the 'but for' test places a greater evidentiary burden on the plaintiff in attempting to establish a constitutional violation, we decline to adopt it." Brooks-Bey v. Kross, C.A. No. 94-7650, slip op. at 8 n. 14 (3d Cir. (Pa.), July 24, 1995) (Becker, Cowen and Roth, Circuit Judges). In lieu of the "but for" test, the Court of Appeals held that "[t]o prevail on a claim of retaliation, the prisoner must demonstrate that the prison authorities engaged in retaliatory action, and that the action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id., slip opinion at 7-8, citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

11

Likewise, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young, 926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F.

12

Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Viewing the original complaint in the light most favorable to Hinebaugh, it is clear that he has failed to state viable claims of either retaliation or conspiracy against defendants. There are no averments of fact in the original complaint that reasonably suggest the presence of an agreement or concerted activity between defendants to violate plaintiff's civil rights. The original complaint does nothing more than raise assertions of retaliation and conspiracy in wholly conclusory, and/or speculative terms.

Consequently, the unsupported assertions of retaliation and conspiracy will not be allowed to proceed. Since the original complaint fails to set forth a viable civil rights claim, the motion to dismiss will be granted. An appropriate order will enter.

AND NOW, THEREFORE, THIS 22nd DAY OF SEPTEMBER, 2000, IT IS HEREBY ORDERED THAT:

1. All claims against the Federal Bureau of Prisons, FCI-Schuylkill, LSCI-Allenwood, FCI-Ray Brook, FCI-Fairton and FCI-Fort Dix are dismissed.

2. All claims against original defendants David Rardin, Henry Sadowski, Wendy Roal and R.M. Reish are dismissed.

3. The motion to dismiss the original complaint is granted.

4. As a result of this order, the consolidated complaint remains viable. However, in light of our disposition herein, a rule directing the plaintiff to show cause as to why his consolidated complaint should not be dismissed shall be issued.

*[signature]*
RICHARD P. CONABOY
United States District Judge

RPC:jvw

FILED
SCRANTON
SEP 2 2 2000

PER ___CT___
DEPUTY CLERK

14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,
    Plaintiff

v.                          Civil No. 1:CV-01-1005
                             (Caldwell, J.)
DONALD ROMINE, Warden,    (Smyser, M.J.)
    Defendant

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on January 14, 2002, she served a copy of the attached

### REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Michael Norwood
Reg. No. 06970-014
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

_____
MICHELE E. LINCALIS
Paralegal Specialist