ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,

    Plaintiff,

v.

DONALD ROMINE, Warden,

    Defendant.

Civil No. 1:CV-01-1005
(Caldwell, J.)
(Smyser, M.J.)

FILED
HARRISBURG
JAN 22 2002
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

The defendant has elected to file a reply brief. Like the claims presented in the defendant's previous filing, the claims contained in the reply brief are without merit.

    A.   <u>Defendant Romine is Personally Liable.</u>

The defendant argues that his direct involvement in this action is not shown simply because he denied the plaintiff's Request for Administrative Remedy. In this regard, the defendant relies on <u>Hinebaugh v. Davis</u>, No. 3:CV-99-1647, slip op. at 8-9 (M.D. Pa., Sept. 22, 2000) (Conaboy, J.). The facts present in <u>Hinebaugh</u> are distinguishable from the facts presented by the instant Amended Complaint. <u>Hinebaugh</u> filed a <u>Bivens</u> action against over 161 employees at various federal prisons. In addition, he named several BOP employees in supervisory positions in the regional office, apparently because he submitted grievances to them and "presumably in order to comply with the requirement of

exhaustion of administrative remedies". (slip op. at 8-9). The district court rejected the claims against the BOP <u>regional</u> officials on the ground that rejection of administrative remedies by these BOP regional officials did not constitute personal involvement, but <u>did</u> <u>not</u> reject the claims against the <u>remaining</u> BOP defendants on this basis. (slip op. at p. 9). Defendant Romine is not a regional official in the BOP. The plaintiff addressed his grievance to Romine because "[T]he warden has the final authority to remove inmates from and reinstate them to" the religious diet program. (see Defendant's Record at p. 16; and BOP Program Statement 5360.08, Religious Beliefs and Practices).

The instant case has a similar fact pattern as the one presented in <u>Majid v. Wilhelm</u>, 110 F.Supp.2d. 251, 254-258 (S.D.N.Y. 2000), where the court rejected the defendant's request for dismissal of the complaint on the ground that he had no personal involvement in denying the plaintiff a religious diet because he simply responded to the plaintiff's grievance in his capacity as deputy superintendent of the prison. In the case at bar, the personal involvement of the defendant is shown by his failure to act on the information in the Request for Administrative Remedy that indicated that unconstitutional acts were occurring. See <u>Majid v. Wilhelm</u>, 110 F.Supp.2d. at 257. Indeed, in the Request for Administrative Remedy which bears the signature of the defendant, the plaintiff specifically

put the defendant on notice that the plaintiff's rights under the Religious Freedoms and Restoration Act had been violated. (see Romine's Record to Brief, at p. 000029).

The defendant's claim in this regard must be rejected.

B. There Are Genuine Issues of Material Fact As the Plaintiff Was Entitled to Participate in the Bureau of Prisons' Commonfare or "Certified, Processed Component of the Religious Diet Program" As a Part of Accomodating His Practice of His Religion.

The plaintiff's responses to the Religious Diet Interview (Romine's Record at p. 000021) demonstrate that the plaintiff was entitled to participate in the BOP's "Certified, Processed Component of the Religious Diet Program". The defendant argues that "[T]he determination that Norwood's dietary needs could be met by self-selection from the mainline component of the religious diet was based on Norwood's interview with religious services staff and his self-stated membership with the Nation of Islam and his stated adherence to it teachings." (Def. Reply at p. 4). This argument is absolutely ridiculous. Question No. 1 of the Religious Diet Interview reads: "What are your religious dietary needs?" The plaintiff responded: "Kosher or Halal". Question No. 2 reads: "What are the religious reasons for your dietary needs?" The plaintiff responded: "The Holy Qu'ran based on Nation of Islam teachings". Question No. 3 reads: "What does the term "certified processed foods" mean to you?" The plaintiff answered: "It means it satisfied my religious requirements." Based on the plaintiff's responses to these questions, the defendant reasonably should have known that the plaintiff

-3-

could not meet his religious dietary needs by self-selection from the mainline component of the religious diet. If the defendant's positon were valid, there would be no reason for him to spend thousands of dollars of the tax payers monies to provide the many Jewish and Sunni Muslim prisoners at USP Lewisburg with certified processed foods.

Summary judgment in the defendant's favor would clearly be inappropriate in this case. See <u>Allah v. Al Hafez</u>, 226 F3d. 247, 249 (3d. Cir. 2000).

## CONCLUSION

For these reasons, the defendant's motion must be denied.

Respectfully submitted,

*Michael Norwood*
MICHAEL NORWOOD, <u>Pro Se</u>
P.O. Box 1000
Lewisburg, Pa  17837

Dated: January 16, 2002

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Reply Brief in Support of Defendant Romine's Motion to Dismiss and for Summary Judgment has been mailed to Joseph J. Terz, AUSA, 240 W. Third Street, Williamsport, PA 17703, by placing same in a postage prepaid envelope and by inserting same in a U.S. Mailbox this 16th day of January, 2002.

*Michael Norwood*
MICHAEL NORWOOD