TAM:JJT:mel:2001V01054

FILED
WILLIAMSPORT, PA

JUL - 3 2002

MARY E. D'ANDREA, CLERK
Per\_\_\_\_KF\_\_\_\_
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD, :
    Plaintiff :
   :
v. : Civil No. 1:CV-01-1005
   : (Caldwell, J.)
DONALD ROMINE, Warden, : (Smyser, M.J.)
    Defendant :

**DEFENDANT'S BRIEF IN SUPPORT
OF HIS MOTION TO DEPOSE PLAINTIFF**

### I.  Procedural History

Plaintiff is Michael Norwood, an inmate incarcerated at USP Lewisburg.  On June 6, 2001, Norwood filed a <u>Bivens</u> complaint against Donald Romine alleging the Warden's failure to provide him a diet consistent with his religious beliefs violates his rights under the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, <u>et seq</u>.

By Order dated March 27, 2002, defendant's motion for summary judgment was denied and the case was remanded to the Magistrate Judge for further proceedings.  An answer to the complaint was filed on April 8, 2002.

Defendant Romine has filed a motion seeking leave to depose the inmate plaintiff pursuant to Fed. R. Civ. P. 30(a)(2).  This brief is submitted in support of that motion in accordance with M.D. Pa. Local Rule 7.5.

## II. Question Presented

Should defendant be granted leave to depose the inmate plaintiff?

## III. Argument

**DEFENDANT ROMINE SHOULD BE GRANTED LEAVE TO DEPOSE THE INMATE PLAINTIFF.**

Pursuant to Fed. R. Civ. P. 30(a)(2), "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison. . . ." The plaintiff in this case is confined in prison. Therefore, defendant requests that the Court grant him leave to depose Norwood.

In that Norwood is the plaintiff, he obviously possesses relevant knowledge about the allegations in the complaint and the injuries and damages he claims to have suffered. By deposing plaintiff, defendant will be able either to present a motion for summary judgment based on the disputed facts or to appropriately prepare for trial so he and his counsel can address the issues and facts concisely and cogently. See Miller v. Bluff, 131 F.R.D. 698, 700 (M.D. Pa. 1990)(concluding that "[t]he plaintiff himself started this lawsuit and any defendant surely is entitled to take his deposition in conjunction therewith").

Accordingly, in order to prepare a dispositive motion and/or for trial, defendant Romine requests leave to depose the plaintiff inmate.

## IV. Conclusion

For the reasons stated above, defendant requests this Court to grant his motion to depose Norwood.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

JOSEPH J. TERZ
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17703

Date: July 3, 2002

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,
       Plaintiff

    v.                         : Civil No. 1:CV-01-1005
                              : (Caldwell, J.)
DONALD ROMINE, Warden,   : (Smyser, M.J.)
       Defendant

### CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on July 3, 2002, she served a copy of the attached

**DEFENDANT'S BRIEF IN SUPPORT
OF HIS MOTION TO DEPOSE PLAINTIFF**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Michael Norwood
Reg. No. 06970-014
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

                                             */s/ Michele E. Lincalis*
                                             MICHELE E. LINCALIS
                                             Paralegal Specialist