TAM:JJT:mel:2001V01054

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,
       Plaintiff    :

       v.               :   Civil No. 1:CV-01-1005
                    :   (Caldwell, J.)
DONALD ROMINE, Warden,  :   (Smyser, M.J.)
       Defendant    :

FILED
WILLIAMSPORT, PA
DEC 1 3 2002
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

**STATEMENT OF FACTS**

1. Bureau of Prisons' policy as codified at 28 C.F.R. § 548.10(a), states:

> The Bureau of Prisons provides inmates of all faith groups with reasonable and equitable opportunities to pursue religious beliefs and practices, within the constraints of budgetary limitations and consistent with the security and orderly running of the institution and the Bureau of Prisons.

2. Bureau of Prisons' policy regarding religious dietary practices states:

> The Bureau provides inmates requesting a religious diet reasonable and equitable opportunity to observe their religious dietary practice within the constraints of budget limitations and the security and orderly running of the institution and the Bureau through a religious diet menu. The inmate will provide a written statement articulating the religious motivation for participation in the religious diet program.

Bureau of Prisons' Program Statement 5360.08, <u>Religious Beliefs and Practices</u>, Page 13 (<u>see</u> Record to Brief in Support of

Defendant Romine's Motion for Summary Judgment ("Record") at 15); 28 C.F.R. 548.20(a)[1].

3. On October 28, 2000, Norwood submitted a written request to USP Lewisburg Religious Services Department staff asking for a "Kosher or Halal" diet. In response to a question asking, "What are the religious reasons for your dietary needs?," Norwood responded, "The Holy Quoran based on Nation of Islam Teachings." (Record, p. 2, ¶ 5 and p. 21.)

4. Norwood was interviewed by Religious Services' staff member Abdulfattah Jamiu, on October 31, 2000.[2] Chaplain Jamiu concluded that Norwood's dietary needs could be satisfied merely by his participation in the "mainline component" of the religious diet. That is, Norwood could self-select from several food choices offered by USP Lewisburg Food Service--i.e., the main steam line entree, an alternative no-flesh menu, or select from a well stocked salad bar, which is available every day. (Record at 2, ¶ 5.)

5. This decision was documented on Norwood's religious interview form. (Record at 32.)

6. The determination that Norwood did not require the certified (Halal or Kosher) processed food component of the

---

[1] The words "religious diet" and "common fare" are interchangeable.

[2] Chaplain Jamiu is an Imam, or religious leader, in the Muslim Faith.

2

religious diet was made on the basis of Norwood's self-stated membership with the Nation of Islam and his adherence to Nation of Islam Teachings. (Record at 2, ¶ 6.)

   7. Nation of Islam dietary requirements are set forth in the book *How to Eat to Live* by Elijah Muhammad, the founder to the Nation of Islam. According to the founder of the religious group to which Norwood claims membership, there is no requirement for disposable eating utensils, or any instructions for special cleaning requirements for eating utensils. (Record at 2, ¶ 6, and pp. 23-24.)

   8. Norwood filed administrative remedies concerning his request for disposable utensils and was denied relief at the institutional, Regional, and Central Office levels. (Record at 25-31.)

   9. In response to his administrative remedies, Norwood was informed that his religious dietary needs were determined based on the responses he provided during his interview with Religious Services staff. He was also informed that he may re-apply for consideration for the religious alternative diet. (Record at 2, ¶ 7.)

   10. Norwood did not re-apply. (Id.)

   11. On March 23, 2002, Norwood was placed on the religious alternative diet. (Id. at 34, ¶2, and p. 35.)

3

12. Warden Romine is not involved in the day to day evaluation of inmates for placement on the Bureau of Prisons' religious alternative diet program. (Record at 33, ¶ 3.)

13. The evaluation and placement of inmates in the religious diet program is the responsibility of the Religious Services Department. (<u>Id.</u>)

          Respectfully submitted,

          THOMAS A. MARINO
          United States Attorney

          *Joseph J. Terz* (signature)
          JOSEPH J. TERZ
          Assistant U.S. Attorney
          MICHELE E. LINCALIS
          Paralegal Specialist
          316 Federal Building
          240 West Third Street
          Williamsport, PA  17701

Dated: December 13, 2002

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,  :
    Plaintiff  :
           :
    v.  :  Civil No. 1:CV-01-1005
           :  (Caldwell, J.)
DONALD ROMINE, Warden,  :  (Smyser, M.J.)
    Defendant  :

### CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on December 13, 2002, she served a copy of the attached

### STATEMENT OF FACTS

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Michael Norwood
Reg. No. 06970-014
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

*Michele E. Lincalis*
MICHELE E. LINCALIS
Paralegal Specialist