TAM:JJT:mel:2001V01054

FILED
WILLIAMSPORT, PA

UNITED STATES DISTRICT COURT          JAN 9 2003
MIDDLE DISTRICT OF PENNSYLVANIA
                                      MARY E. D'ANDREA, CLERK
                                      Per_____
                                              DEPUTY CLERK

MICHAEL NORWOOD,                :
         Plaintiff              :
                                :
    v.                          :   Civil No. 1:CV-01-1005
                                :   (Caldwell, J.)
DONALD ROMINE, Warden,          :   (Smyser, M.J.)
         Defendant              :

**REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S
MOTION FOR SUMMARY JUDGMENT**

Norwood initiated this Bivens cause of action on June 6, 2001, against Warden Romine, alleging his rights under the Religious Freedom Restoration Act are being violated because he was not approved for the Bureau of Prisons' religious alternative diet program at USP Lewisburg. The defendant initially responded to the complaint in December 2001 with a motion to dismiss and for summary judgment which argued that (1) the doctrine of respondeat superior could not form the basis of a Bivens claim; (2) sovereign immunity barred Norwood's suit for money damages against the Warden in his official capacity; and (3) summary judgment was appropriate as the dietary laws of Norwood's faith does not require the use of disposable utensils.

The motion was denied on March 27, 2002, and the matter was remanded to the Magistrate Judge. A case management order

setting forth deadlines for discovery matters and the filing of dispositive motions was issued the same day. In accordance with the Court's Order, the parties completed discovery by September 30, 2002, and Warden Romine filed his second dispositive motion, seeking summary judgment, on November 29, 2002. A supporting brief and documentation were filed on December 13, 2002.

Warden Romine's summary judgment motion argues that he is entitled to qualified immunity and that RFRA does not create a separate cause of action for money damages. Rather than oppose the arguments raised in defendant's motion, Norwood filed a one-page brief claiming the motion to be barred by the law-of-the-case doctrine because "defendant asserts the same grounds that were presented in his previously unsuccessful motion for summary judgment." (Pl.'s Br. in Opp. at 1.)

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). This doctrine "applies both to issues expressly decided by a court in prior rulings and to issues decided by necessary implication." Bolden v. Southeastern Pa. Transp. Auth., 21 F.3d 29, 31 (3d Cir. 1994). Law-of-the-case principles apply to decisions of coordinate courts as well as to prior decisions by the same judge and to decision of judges of the same court. Christianson v. Colt

2

Indus. Operating Corp., 486 U.S. 800, 816-17 (1988); Hayman Cash Register Co. v. Sarokin, 669 F.3d 162, 168-69 (3d Cir. 1982).

In this case, Norwood's reliance upon the law-of-the-case doctrine is erroneous as neither argument raised in defendant's summary judgment motion has been previously raised or considered by the Court. Thus, since Norwood has offered no other arguments or evidence to oppose defendant's summary judgment motion, there are no material issues of fact to be resolved. Therefore, an entry of summary judgment in the Warden's favor is appropriate. See Fed. R. Civ. P. 56.

Rule 56(c) requires that the party who bears the burden of proof make a sufficient showing to establish the existence of an essential element to that party's case. Rule 56(c) specifies the type of evidentiary materials which must be submitted. Thus, even if the adverse party failed to submit evidentiary matters, the burden would still be on the moving party to sustain his burden. Celotex v. Catrett, 477 U.S. 317 (1986). However, once the moving party has sustained his burden,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits, or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, because Warden Romine has submitted declarations and materials in support of his motion which have

3

not been controverted, the Court should accept the material facts as set forth by the defendant as true. <u>Shulz v. Celotex</u>, 942 F.2d 204 (3d Cir. 1991); <u>Anchorage Associates v. V.I. Bd. Of Tax Review</u>, 922 F.2d 168, 175 (3d Cir. 1990); <u>Gaus v. Mundy</u>, 762 F.2d 338 (3d Cir. 1985).

However, defendant Romine is also entitled to judgment as a matter of law. In considering Norwood's administrative remedy, the issue before Warden Romine was not <u>whether or not</u> Norwood had a constitutional right to practice his religion, but rather, whether his needs could be met with dietary selections outside the Religious Alternative Diet. The Warden relied on the advice of the Muslim chaplain that Norwood could satisfy his religious dietary requirements by self selecting from various diet options available to all prisoners, and he denied the appeal. Because Warden Romine, as "a reasonable officer," clearly thought his conduct was lawful in the situation he confronted, he is entitled to the defense of qualified immunity. Moreover, because RFRA defendants cannot be sued for money damages, judgment in defendant's favor is appropriate.

4

## Conclusion

Wherefore, the motion for summary judgment should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

*/s/ Joseph J. Terz*

JOSEPH J. TERZ
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA  17703

Date: January 9, 2003

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,  :
    Plaintiff  :
      :
v.  :  Civil No. 1:CV-01-1005
      :  (Caldwell, J.)
DONALD ROMINE, Warden,  :  (Smyser, M.J.)
    Defendant  :

CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on January 9, 2003, she served a copy of the attached

**REPLY BRIEF IN SUPPORT OF DEFENDANT ROMINE'S
MOTION FOR SUMMARY JUDGMENT**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Michael Norwood
Reg. No. 06970-014
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

                                                                MICHELE E. LINCALIS
                                                                Paralegal Specialist