ORIGINAL

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,

     Plaintiff,

                   Case No. 1:CV-01-1005
                (Magistrate Judge Smyser)

     v.

DONALD ROMINE,

     Defendant.

FILED
HARRISBURG, PA

JUL 10 2003

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

## PLAINTIFF'S REQUEST TO CHARGE ON ISSUE OF PUNITIVE DAMAGES

     Having reviewed the Court's sample charge on punitive damages, the plaintiff hereby requests that the charge below be given on the issue of punitive damages:

     "If you find for the plaintiff and award conpensatory or nominal damages,you may, but are not required to, award punitive damages. The purpose of punitive damages is not to compensate the plaintiff for injuries. Rather, the purposes of punitive damages are to punish defendants and to deter defenants and others from committing similar acts in the future.

     The plaintiff has the burden of proving that punitive damages should be awarded. You may award punitive damages only if you find that the defendant's conduct was malicious or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or if it is for the purpose

of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the rights of others.

If you find that punitive damages are appropriate you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to that conduct."

_____

The plaintiff submits that the language from the Court's proposed charge relating to the plaintiff's burden of proving "the amount of punitive damages" should be stricken, because the Court ruled at the pretrial conference held on June 19, 2003 that the plaintiff would not be allowed to ask the jury to return a judgment reflecting a particular dollar figure.

The language from the Court's proposed charge which relates to consideration of "the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff" should be stricken because punitive damages are available to prisoners for constitutional violations by prison officials without regard to the "actual physical injury" requirement of 42 U.S.C. § 1997(e). See Allah v. Al-Hafeez, 226 F3d. 247 (3d. Cir. 2000).

Respectfully submitted,

*Michael Norwood*

MICHAEL NORWOOD, <u>Pro Se</u>
P.O. Box 1000
Lewisburg, PA  17837

Dated: July 7, 2003

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Plaintiff's Request to Charge on Issue of Punitive Damages has been served upon Joseph J. Terz, AUSA, 228 Walnut Street, Suite 220, Harrisburg, PA  17108, by placing same in a postage prepaid envelope and by inserting same in a U.S. mailbox this 7th day of July, 2003.

*Michael Norwood*

MICHAEL NORWOOD

-3-

FILED
HARRISBURG, PA

JUL 14 2009

CLERK
United States District Court
Middle District of PA
228 Walnut Street
Harrisburg, PA
17101-1705

