```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL NORWOOD                : CIVIL NO: 1:CV-01-1005
    Plaintiff           :
                        :
  v.                      :
                        : (Magistrate Judge Smyser)
DONALD ROMINE,                 :
    Defendant           :

### ORDER

**IT IS ORDERED** that the trial in this case is rescheduled from August 27, 2003 to October 28, 2003 based upon the Executive Committee Memorandum of July 28, 2003, a copy of which is attached to this Order. **IT IS FURTHER ORDERED** that on or before October 21, 2003, the parties shall submit trial briefs, any proposed voir dire questions, proposed special verdict questions and proposed jury instructions. **IT IS ALSO ORDERED** that the writ of habeas corpus ad testificandum issued July 22, 2003 for the plaintiff is **VACATED** and a new writ will be issued.

                                              /s/ J. Andrew Smyser
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: July 29, 2003.



## JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

CAROLYN DINEEN KING  
CHAIRMAN, EXECUTIVE COMMITTEE

(713) 250-5750  
(713) 250-5050 FAX  
CDKING@CA5.USCOURTS.GOV

July 28, 2003

**IMPORTANT AND URGENT**

MEMORANDUM TO ALL JUDGES, UNITED STATES COURTS

SUBJECT: Shortage in Jury Appropriation

    I am writing on behalf of the Executive Committee of the Judicial Conference to alert you to a serious problem with funding for fees and expenses of jurors. An unexpected increase in juror days has resulted in a projected fiscal year 2003 shortfall of more than $4 million in the Fees of Jurors and Commissioners appropriations account.

    On June 13, 2003, Administrative Office Director Leonidas Ralph Mecham, acting on behalf of the Judicial Conference, submitted an emergency FY 2003 supplemental appropriations request to the President and the leaders of the Senate and House of Representatives. The supplemental sought to cover not only the shortfall in the Fees of Jurors account, but also shortfalls in the Defender Services account and in funding needed for facilities to house the appointees to the new judgeships authorized last fall by Congress. The White House transmitted an emergency supplemental request to Congress on July 7, 2003 for a number of disaster-related needs; the judiciary's request was <u>not</u> included. In spite of our best efforts, the House passed a stripped-down version of the emergency supplemental that did not include the judiciary's request and then left for its summer recess. The Senate is expected to agree to the House-passed version and send it on to the President. We understand that Congress may consider further emergency supplementals when it returns in September, but we cannot wait to resolve this problem, particularly for a solution that is uncertain at best.

All Judges, United States Courts
Subject: Shortage in Jury Appropriation
July 28, 2003
Page 2

    To avoid an outright cessation of civil jury trials from early August until the start of the next fiscal year on October 1, the Executive Committee has decided to reprogram money from an emergency reserve in the Salaries and Expenses of the courts account in an amount sufficient to cover critical trials, and the requisite congressional approval is being sought. However, in order to lessen the drain on the reserve, and thus preserve it for other emergencies that might occur, the Executive Committee asks that all judges make an effort to keep civil jury expenses to a minimum during the months of August and September.

    Twice in the recent past, in 1986 and 1993, the judiciary was forced to ask courts to halt payments to civil jurors due to lack of funds. While the Executive Committee has decided against such drastic action, it urges judges to minimize payments to jurors - by deferring non-critical civil trials until October 1, 2003 - where possible. Please note that there is case law interpreting the Jury Selection and Service Act of 1968, as amended, to the effect that the use of volunteer jurors is unlawful. Further, parties may not give money to the court to be used to pay jurors; by law such payments would have to be turned over to the Treasury, and the court system would remain obligated to pay jurors' fees and expenses.

    It is unfortunate that the above steps must be taken. We will continue to work with the Congress to ensure that sufficient funds are appropriated in FY 2004 to avoid any shortfall next year.

                            Sincerely,

                            Carolyn Dineen King

cc:  All Circuit Executives
     All Clerks of Court