TAM:JJT:nl

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NORWOOD, | : | |
| | : | CIVIL NO. 1:01-CV-1005 |
| Plaintiff, | : | |
| v. | : | (SMYSER, M.J.) |
| | : | |
| DONALD ROMINE, | : | |
| | : | (Electronically Filed) |
| Defendant. | : | |

**TRIAL BRIEF OF DEFENDANT**
**UNITED STATES OF AMERICA**

Plaintiff Michael Norwood ("Norwood") brings this pro se First Amendment violation action against Defendant Donald Romine, former Warden of the United States Penitentiary in Lewisburg, Pennsylvania. In accordance with Local Rule 509, the United States submits this Trial Brief.

**I.   FACTS.**

Plaintiff Michael Norwood ("Norwood") is a member of the Nation of Islam (NOI) and an inmate at the United States Penitentiary in Lewisburg, Pennsylvania. Norwood claims that Defendant former Warden Donald Romine ("Warden Romine") violated his First Amendment right to the free exercise of religion by refusing to provide Norwood with a Halal diet.

On October 28, 2000, Norwood submitted a written request to USP Lewisburg Religious Services Department staff asking for a "Kosher or Halal" diet. In response to a question asking, "What

are the religious reasons for your dietary needs?," Norwood responded, "The Holy Quoran based on Nation of Islam Teachings."

Norwood was interviewed by Religious Services' staff member Abdulfattah Jamiu, on October 31, 2000.[1]  Chaplain Jamiu concluded that Norwood's dietary needs could be satisfied merely by his participation in the "mainline component" of the religious diet.  That is, Norwood could self-select from several food choices offered by USP Lewisburg Food Service--i.e., the main steam line entree, an alternative no-flesh menu, or select from a well stocked salad bar, which is available every day.  This decision was documented on Norwood's religious interview form.

**II.  ARGUMENT**.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . "  U.S. Const. amend.  In order to establish that the prison officials' denial of a Halal diet violates the Free Exercise Clause, the inmate must show that the prison officials' decision contravenes their sincere religious beliefs, Africa v. Pennsylvania, 662 F.2d 1025, 1030 (3d Cir. 1981), and that it is not "reasonably related to legitimate penological interests," Cooper v. Tard, 855 F.2d 125, 129 (3d Cir. 1988).

---

[1] Chaplain Jamiu is an Imam, or religious leader, in the Muslim Faith.

-2-

"[A] prison regulation impinging on inmates' constitutional rights is valid if reasonably related to legitimate penological interests." Cooper, 855 F.2d at 128. The Supreme Court has noted that this inquiry necessarily involves the balance of two competing principles: First, an individual does not surrender the protections which the Constitution provides him when he passes through the prison gate; and second, prison officials must be given substantial deference in the administration of their institutions. Turner v. Safley, 482 U.S. 78, 84, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

The Bureau of Prisons uses a uniform religious diet interview process to determine an inmate's religious motivation for participation in the alternate diet program. The alternate diet program consists of two distinct components. The first component provides for religious dietary needs through self-selection from the mainline, including a no-flesh option. The second component accommodates dietary needs through religiously-certified processed foods.

On October 28, 2000, Plaintiff was interviewed by the prison's religious staff. In particular, he was interviewed by Iman Jamiu, a cleric of the Islamic faith. On the basis of the responses Plaintiff gave during the interview, the Iman determined that Plaintiff's religious dietary needs could be met through the self-selection line, which included a no-flesh option.

Plaintiff filed a Request for Administrative Remedy to challenge the decision to place him on the self-select diet. In the request, Plaintiff, in pertinent part, stated that the Holy Quoran forbids him to eat pork or any food prepared using utensils also used to prepare pork.

The Request for Administrative Remedy was sent to Warden Romine. Warden Romine consulted with the prison's religious services who advised him that Plaintiff was unable to articulate a need for the Religious Certified Processed Food Diet. They further advised Warden Romine that Plaintiff's dietary needs could be met by the self-selection from the no-flesh component of the mainline. Finally, Warden Romine was further advised that Plaintiff had not established that his religion prohibited him from using thoroughly cleaned utensils even if those utensils were used to prepare pork at prior meals. Based on the following information, Warden Romine denied Plaintiff's appeal.

Plaintiff is not challenging the constitutionality of the uniform religious diet interview process. Moreover, Plaintiff is not alleging that the Iman who placed Plaintiff on the self-selection no-flesh diet rather than the religious certified diet violated his First Amendment. Rather, Plaintiff's action is aimed at the actions of Warden Romine. However, there is no evidence that Warden Romine, who is not an expert on the dietary mandates of the Nation of Islam and therefore reasonably relied

on the advice and counsel of an Iman, acted with deliberate indifference to Plaintiff's Constitutional rights.

                                      Respectfully submitted,

                                      THOMAS A. MARINO
                                      United States Attorney


                                        __s/ Joseph J. Terz__
                                        Joseph J. Terz
                                        Assistant U.S. Attorney
                                        Attorney I.D. No. PA 55480
                                        228 Walnut Street, Suite 220
                                        P.O. Box 11754
                                        Harrisburg, Pennsylvania  17108-1754
                                        (717) 221-4482
                                        (717) 221-4582 (Facsimile)
                                        joseph.terz@usdoj.gov

Dated:  October 22, 2003

TAM:JJT:nl

**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL NORWOOD,** | : | |
| | : | **CIVIL NO. 1:01-CV-1005** |
| Plaintiff, | : | |
| v. | : | **(SMYSER, M.J.)** |
| | : | |
| **DONALD ROMINE,** | : | |
| | : | **(Electronically Filed)** |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That on October 22, 2003, she served a copy of the foregoing

**TRIAL BRIEF OF DEFENDANT**
**UNITED STATES OF AMERICA**

by placing a copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

    Michael Norwood, Pro Se
    Reg. No. 06970-014
    U.S. PENITENTIARY
    P.O. Box 1000
    Lewisburg, Pennsylvania  17837

    s/ Naomi Losch
    Naomi Losch
    Legal Assistant

N:\NLosch\terz\docs\norwood trial brief.wpd