TAM:JJT:nl

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NORWOOD, | : | |
| | : | CIVIL NO. 1:01-CV-1005 |
| Plaintiff, | : | |
| v. | : | (SMYSER, M.J.) |
| | : | |
| DONALD ROMINE, | : | |
| | : | (Electronically Filed) |
| Defendant. | : | |

### PROPOSED POINTS FOR CHARGE SUBMITTED ON BEHALF OF DEFENDANT DONALD ROMINE

Defendant, United States of America, by and through its attorney, U.S. Attorney Thomas A. Marino, and Joseph J. Terz, Assistant U.S. Attorney, respectfully request that this Court charge the jury as follows:

1.  In order to establish that the denial of Plaintiff's request of a Halal diet violates Plaintiff's First Amendment, Plaintiff must show that he had a sincere belief that as a follower of the Nation of Islam he required a Halal diet and that the Defendant Donald Romine's actions contravened his sincere religious beliefs.  <u>Africa v. Pennsylvania</u>, 662 F.2d 1025, 1030 (3d Cir. 1981).

2. "Section 1983 (<u>Bivens</u>) creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." <u>Vance v. Peters</u>, 97 F.3d 987, 993 (7th Cir. 1996) (<u>quoting</u> <u>Sheik-Abdi v. McClellan</u>, 37 F.3d 1240, 1248 (7th Cir. 1994); <u>see also</u> <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995); <u>Black v. Lane</u>, 22 F.3d 1395, 1401 (7th Cir. 1994).

3.   Personal involvement of Defendant Warden Romine in an alleged constitutional deprivation is a prerequisite to an award of damages.  McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977). The personal involvement of a supervisory defendant may be shown by evidence that:

(1) the defendant participated directly in the alleged constitutional violation;

(2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;

(3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;

(4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or

(5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

4.   Inmates do not forfeit all of their constitutional protections by reason of their confinement, and retain the First Amendment right to practice their religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  Nevertheless, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  Id. (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)).  "[L]imitations on the exercise of constitutional  rights arise both from the fact of incarceration and from valid penological objectives--including deterrence of crime, rehabilitation of prisoners, and institutional security."  Id.  Regulations alleged to infringe constitutional rights are valid if "reasonably related to legitimate penological objectives."  Id. at 349; Turner v. Safley, 482 U.S. 78, 89 (1987).

5.  "A prisoner's right to freely exercise his religious beliefs does not depend upon his ability to pursue each and every aspect of the practice of his religion [citations omitted].  A prison may restrict a prisoner's ability to adhere absolutely to a particular tenet of his religion, and if the prison has sound penological interests supporting the restriction and, if those interests outweigh the prisoner's religious interests, the restriction does not violate the First Amendment."  <u>Canedy v. Boardman</u>, 91 F.3d 30, 33 (7th Cir. 1996).

6. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

7. "The claim that you are being asked to decide is against the defendant individually.  What this means is that if you should find in the Plaintiff's favor, Defendant Donald Romine will be personally responsible to pay any damages that you award the plaintiff."  <u>Meiners v. Moriarity</u>, 563 F.2d 343 (7th Cir. 1977).

    8.    An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff Norwood, and that Plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

    Plaintiff Norwood has the burden of proving each and every element of Plaintiff's claim by a preponderance of the evidence. If you find the Plaintiff Norwood has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for Defendant Donald Romine. <u>West v. Atkins</u>, 487 U.S. 42 (1988).

9. If you find in favor of Plaintiff Norwood, then you must award Plaintiff Norwood such sum as you find from the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff Norwood sustained as a direct result of the fact he was not placed on a Halal diet. You should consider the reasonable value of the food he needed to purchase at the commissary in order to maintain his Halal diet.

10. If you find that Defendant Donald Romine violated Mr. Norwood's First Amendment rights, you may award what is known as "nominal" damages. Nominal damages should not exceed one dollar. <u>Memphis Community School District v Stachura</u>, 477 U.S. 299, 306 (1986); 42 U.S.C. § 1997e(e); <u>Allah v. Al-Hafeez</u>, 226 F.3d 247 (3d Cir. 2000).

11.  Mr. Norwood also makes a claim for punitive damages. The purpose of punitive damages it not to compensate the injured plaintiff, but to punish a defendant for his willful or malicious conduct and to deter others from similar behavior.  In order to award punitive damages to Mr. Norwood, you must find that Defendant Donald Romine displayed a callous and evil motive when dealing with Mr. Norwood or that he acted with reckless or callous indifference to his federally-protected rights.  If, on the other hand, you find that Defendant's conduct was wrong, but not so extreme as to be "callous or evil," there should be no award of punitive damages.  <u>Memphis Community School District v. Stachura</u>, 477 U.S. 299, 306 n.9 (1986); <u>Smith v. Wade</u>, 461 U.S. 30, 54-56 (1986); <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 251-52 (3d Cir. 2000).

12.  Plaintiff has the burden of establishing each element of damages which he claims a right to recover and if he has not met that burden, that element of damages may not be awarded. <u>Rochez Bros., Inc. v. Rhoades</u>, 527 F.2d 891 (3d Cir. 1975), <u>cert denied</u>, 425 U.S. 993 (1976).

13. You are not permitted to award speculative damages. You are not to include in any verdict, compensation for any respective loss which, although possible, is not reasonably certain to occur in the future. <u>Bigelow v. RKO Radio Pictures</u>, 327 U.S. 251 (1946).

    14.  The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.  <u>Federal Jury Practice and Instructions</u>, § 74.02.

                                        Respectfully submitted,

                                        THOMAS A. MARINO
                                        United States Attorney

                                        <u>  s/ Joseph J. Terz  </u>
                                        Joseph J. Terz
                                        Assistant U.S. Attorney
                                        Attorney I.D. No. PA 55480
                                        228 Walnut Street, Suite 220
                                        P.O. Box 11754
                                        Harrisburg, Pennsylvania  17108-1754
                                        (717) 221-4482
                                        (717) 221-4582 (Facsimile)
                                        <u>joseph.terz@usdoj.gov</u>

Dated:  October 22, 2003

TAM:JJT:nl

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL NORWOOD,** | : | |
| | : | **CIVIL NO. 1:01-CV-1005** |
| Plaintiff, | : | |
| v. | : | **(SMYSER, M.J.)** |
| | : | |
| **DONALD ROMINE,** | : | |
| | : | **(Electronically Filed)** |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That on October 22, 2003, she served a copy of the foregoing

**PROPOSED POINTS FOR CHARGE SUBMITTED ON BEHALF
OF DEFENDANT DONALD ROMINE**

by placing a copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

        Michael Norwood, Pro Se
        Reg. No. 06970-014
        U.S. PENITENTIARY
        P.O. Box 1000
        Lewisburg, Pennsylvania  17837

                s/ Naomi Losch
                Naomi Losch
                Legal Assistant

N:\NLosch\terz\docs\Norwood proposed points for charge.wpd