# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL NORWOOD,

    Plaintiff,

                    CASE NUMBER 1:01-CV-1005

v.

DONALD ROMINE,

    Defendant.



FILED
HARRISBURG, PA

MARY E. D'ANDREA, CLERK
Per _____

MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT, PURSUANT TO
RULE 50(b) FED.R.CIV.P., OR ALTERNATIVELY, FOR A NEW TRIAL
PURSUANT TO FED.R.CIV.P. 59(a).

    The plaintiff, Michael Norwood, pro se, respectfully moves this Court for a new trial, or judgment notwithstanding verdict, pursuant to Rules 59(a) and 50(b) of the Fed.R.Civ.P., respectively, on the grounds that the jury's verdict was clearly against the weight of the evidence.

## I. JURISDICTION

    This Court has proper jurisdiction over a motion for judgment notwithstanding verdict or new trial under Fed.R.Civ.P. 50(b) and 59(a), respectively, provided that such motion is filed within ten days of the entry of judgment. Judgment was entered in this case on November 4, 2003. Accordingly, the Court's jurisdiction is both timely and properly invoked.

## II. STANDARD OF REVIEW

    In ruling on a motion for judgment notwithstanding verdict, a trial court "views the evidence in the light most favorable to

the party against whom the motion is made". See <u>Continental Ore Co. v. Union Carbide Corp.</u>, 370 U.S. 690, 695 n.6 (1960).

### III. FACTS

At trial, the plaintiff, through various exhibits and testimony, established the following:

1. That he is a Muslim and a member of a faith group known as the Nation of Islam.

2. That from June 23, 1997 through October 31, 2000, the plaintiff was approved for, and received a kosher/halal diet at USP Lewisburg.

3. That during a religious diet interview conducted on October 28, 2000 by Abdulfattah Jamiu, a religious services staff member at Lewisburg, the plaintiff was asked: "What are your religious dietary needs?" The plaintiff's documented response was "kosher/halal diet".

4. That the plaintiff filed a administrative remedy appeal from Mr. Jamiu's refusal to allow the plaintiff to participate in the kosher/halal diet to defendant Romine, then warden at Lewisburg. Mr. Romine upheld Mr. Jamiu's decision on the ground that the plaintiff stated during the religious diet interview that his religious dietary needs could be met by self-selection from mainline items in Lewisburg's dining hall.

5. The plaintiff appealed the defendant's decision to the regional and central offices of the Bureau of Prisons.

6. The plaintiff testified as to the sincerity of his

religious beliefs, and to the fact that he and Mr. Jamiu have ideological differences in how they practice Islam.

7. Mr. Jamiu testified that in his estimation, the plaintiff is not a Muslim and that he does not regard members of the Nation of Islam as Muslims.

8. Mr. Jamiu, defendant Romine, and Edward Roberts, all current or former employees at Lewisburg, testified that the plaintiff's placement on the kosher/halal diet would not have interfered with the orderly running of the prison.

9. Defendant Romine and Mr. Roberts testified that defendant Romine had the authority to overrule Mr. Jamiu's decision to deny the plaintiff a kosher/halal diet.

IV. REASONS FOR GRANTING JUDGMENT NOTWITHSTANDING VERDICT, OR, A NEW TRIAL

The plaintiff submits that the evidence against defendant Romine clearly showed that the defendant committed acts that interfered with the plaintiff's First Amendment right to free exercise of his religion or that violated the Religious Freedom Restoration Act. The plaintiff proceeded in this case on a theory of "supervisory liability", based on the fact that the defendant, after being informed through an administrative remedy appeal that the plaintiff's right to a kosher/halal diet was improperly revoked by Mr. Jamiu, failed to remedy the wrong. The jury in this case received evidence that the plaintiff expressly told Mr. Jamiu that his religious dietary needs could only be

satisfied by a kosher/halal diet. The jury also received copies of defendant Romine's denial of the plaintiff's appeal of Mr. Jamiu's decision.

In order to establish that the denial of the plaintiff's request for a halal diet violated the plaintiff's First Amendment rights, the plaintiff had to show he had a sincere belief that as a follower of the Nation of Islam, that he required a halal diet and that the defendant's actions contravened his sincere religious beliefs. The "Religious Diet Interview" form (Defendant's Exhibit 8), and the plainitff's testimony established this element overwhelmingly.

Personal involvement of defendant Romine in an alleged constitutional deprivation was a prerequisite to an award of damages. The personal involvement of a supervisory defendant may be shown by evidence that: "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong". (see jury charge). Defendant's Exhibit 8 (plaintiff's administrative remedy) established this element overwhelmingly.

The defendant advanced no claim at trial that the denial of the plaintiff's access to a kosher/halal diet was reasonably related to legitimate penological objectives.

All of the trial witnesses admitted that the plaintiff was reinstated on the kosher/halal diet after the filing of his amended civil complaint.

Viewing the evidence in the light most favorable to the defendant, the verdict in this case was clearly against the weight of documentary and testimonial evidence, and a manifest injustice will result if the verdict is allowed to stand. See <u>Northeast Women's Center, Inc. v. McMonagle,</u> 689 F.Supp. 465, 468 (E.D.Pa. 1988).

The jury's verdict could not rest on the theory that the defendant reasonably relied on the decision of Mr. Jamiu to deny the plaintiff a kosher/halal diet, where such decision violated the plaintiff's constitutional rights. (See Report and Recommendation of United States Magistrate Judge, filed February 12, 2002). This was the core of defendant Romine's defense at trial. Certainly a manifest injustice will result in this case if defendant Romine is allowed to escape judgment in this case based on the aforementioned defense, which was not a legally cognizable affirmative defense under the law governing "supervisory liability".

## V. CONCLUSION

The plaintiff respectfully requests judgment notwithstanding the verdict, or, in the alternative, a new trial.

Respectfully submitted,

MICHAEL NORWOOD, <u>Pro Se</u>
P.O. Box 1000
Lewisburg, PA  17837

Dated: November 7, 2003

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion for Judgment Notwithstanding Verdict, Pursuant to Rule 50(b) Fed.R. Civ.P., or Alternatively, For a New Trial Pursuant to Fed.R.Civ.P. 59(a), has been served upon Joseph Terz, Assistant U.S. Attorney, 228 Walnut Street, Harrisburg, PA 17701, by placing same in a postage prepaid envelope and by inserting same in a U.S. Mailbox this 7th day of November, 2003.

*Michael Norwood*
MICHAEL NORWOOD

```
                              Mr. Michael Norwood
                              Reg. No. 06970-014
                              United States Penitentiary
                              P.O. Box 1000
                              Lewisburg, PA  17837


                              November 14, 2003
```

Clerk
United States District Court
For the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA  ~~17837~~ /7/08

        Re: <u>Norwood v. Romine</u>, Case No. 1:01-CV-1005

Dear Clerk:

    Enclosed, please find Motion for Judgment Notwithstanding Verdict, Pursuant to Rule 50(b) Fed.R.Civ.P., or Alternatively, for a New Trial Pursuant to Fed.R.Civ.P. 59(a). I originally mailed this motion to the Court on November 7, 2003. However, today, the envelope which I mailed said motion to the Court in was returned to me for postage by the post office. I have enclosed the post-marked envelope with this correspondence. After I mailed this motion to the Court on November 7, 2003, I mailed a Motion for Leave to Amend Motion for Judgment Notwithstanding Verdict or Alternatively for a New Trial By Striking Any Reference to Relief From Judgment Notwithstanding Verdict.

    I hereby declare under penalty of perjury that the above statement is true and correct, and that I have remailed the enclosed motion this 14th day of November, 2003, by hand delivering same to prison officials at USP Lewisburg for mailing.

                                        */s/ Michael Norwood*
                                        MICHAEL NORWOOD
                                        Dated: November 14, 2003

Mr. Michael Norwood
Reg. No. 06970-014
United States Penitentiary
P.O. Box 1000
Lewisburg, Pa   17837



FILED
HARRISBURG, PA

NOV 18 2003

MARY E. D'ANDREA, CLERK
Per _____

CLERK
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA
              17108

LEGAL MAIL