```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL NORWOOD,                    :
          Plaintiff                 :   No. 1:CV-01-1005
                                    :   (Smyser, M.J.)
          v.                        :
                                    :
DONALD ROMINE, Warden,              :   Filed Electronically
          Defendant                 :
```

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A NEW TRIAL
PURSUANT TO FED. R. CIV. P. 59(a)**

**PROCEDURAL HISTORY**

Norwood initiated this <u>Bivens</u> cause of action on June 6, 2001, against Warden Romine, alleging his rights under the Religious Freedom Restoration Act were being violated because he was not approved for the Bureau of Prisons' religious alternative diet program at USP Lewisburg.

On October 28, 2003, this action came before the Court for a trial by jury. On October 30, 2003, the jury rendered a verdict in favor of Warden Romine and against Norwood. The judgment was entered into the record on November 4, 2003.

On November 18, 2003, Norwood filed a "Motion for Judgment Notwithstanding Verdict, Pursuant to Rule 50(b) Fed. R. Civ. P., or Alternatively, for a New Trial Pursuant to Fed. R. Civ. P. 59(a)." Shortly, thereafter, Norwood moved to amend the motion

by striking any reference to judgment notwithstanding the verdict under Rule 50(b). The motion was granted by the Court on December 19, 2003. In doing so, the Court directed that any references in Norwood's motion to judgment notwithstanding the verdict be stricken and that the motion be deemed to be only a motion for a new trial pursuant to Fed. R. Civ. P. 59(a).

On November 28, 2003, a brief in support of Norwood's Rule 59(a) motion for a new trial was filed. By letter dated December 12, 2003, Norwood wrote the Court to ask that any references in his motion and brief to a February 12, 2002, Order, instead be construed as references to a February 10, 2003, Order.[1]

Norwood seeks a new trial on the grounds that the jury's verdict "was clearly against the weight of the evidence." Doc. 94, p. 1. Essentially, Norwood claims the jury's verdict should not rest "on the theory that the defendant reasonably relied on the decision of Mr. Jamiu to deny the plaintiff a kosher/halal diet, where such decision violated the plaintiff's constitutional rights." Id. at 5. Additionally, in relying on the Court's February 10, 2003, Order denying defendants' summary judgment motion, Norwood argues that "it would be a miscarriage of justice

---

[1] A review of the docket indicates, although a Magistrate Judge's Report was issued on February 12, 2002, recommending that defendant's first dispositive motion be denied, there were no orders issued on that date. The February 10, 2003, Order denied defendant's second dispositive motion seeking summary judgment. It also denied plaintiff's motion for sanctions and scheduled a pretrial conference.

to allow the jury's verdict to stand where it is based on a defense that this Court has previously determined was legally unavailable to the defendant." See Doc. 95, p. 3.

**ARGUMENT**

Rule 59(a) provides the grounds for a new trial and states, in pertinent part that:

> [a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, *for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . .*

Fed. R. Civ. P. 59(a)(1)(emphasis added).

In ruling on a Rule 59 motion, the Court will search the record for evidence that could reasonably lead the jury to reach its verdict, drawing all reasonable inferences in favor of the verdict winner. Nissim v. McNeil Consumer Prods. Co., 957 F. Supp. 600, 602-604 (E.D. Pa. 1997).

It is well settled that a supervisor cannot be held liable for actions based upon a *respondent superior* or vicarious liability theory. See Monell v. Dept. of Soc. Serv., 436 U.S. 658 (1978); C.H. v. Oliva, 226 F.3d 198, 202 (3d Circ. 2000) (en banc). In order for supervisory personnel to be held liable for civil rights violations caused by a subordinate, a plaintiff must show "an affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy, express or otherwise, showing their authorization or

3

approval of such misconduct." Rizzo v. Goode, 423 U.S. 362, 371 (1976). The standard for personal liability under § 1983 is the same as that for municipal liability. Carter v. City of Philadelphia, 181 F.3d 339, 356 (3d Cir. 1999). A "person" is not the "moving force [behind] the constitutional violation" of a subordinate, City of Canton, 489 U.S. 378, 389 (1989), unless that "person"–whether a natural one or a municipality–has exhibited deliberate indifference to the plight of the person deprived. See Lipsett v. University of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988). Based on City of Canton, a judgment could not properly be entered against Warden Romine in this case based on supervisory liability absent evidence that the Warden was deliberately indifferent to Norwood's circumstances.

In this case, Norwood proceeded against Defendant Warden Romine on a theory of supervisory liability. See Plaintiff's Brief in Support of Motion for a New Trial at 3. The alleged factual basis for Norwood's claim is that after Romine was informed through an administrative remedy appeal that Norwood's right to a halal diet was improperly revoked by Chaplain Jamiu, Romine failed to remedy the wrong. See Motion for Judgment Notwithstanding the Verdict, or Alternatively for a New Trial at 3.

Norwood's motion is groundless. First, the motion's challenge to the jury's verdict is unsupported by the record as it contains no references to the trial transcript and/or

exhibits.  Second, even Norwood's recitation of facts in the motion do not establish that Warden Romine acted with deliberative indifference to Norwood's situation.  For example, there is no evidence cited to by Norwood that shows that Warden Romine knew, had reason to know, or even suspected that Chaplain Jamiu's decision was ill founded.  Likewise, Norwood does not point to any evidence that shows that Romine failed to consider the administrative complaint and give it meaningful consideration.  In sum, Norwood's motion for a new trial is both legally and factually insufficient.

## **CONCLUSION**

For the reasons stated above, Norwood's motion should be denied.

          Respectfully submitted,

          THOMAS A. MARINO
          United States Attorney

          s/ Joseph J. Terz
          JOSEPH J. TERZ
          Assistant U.S. Attorney
          Atty. I.D. No. PA55480
          MICHELE E. LINCALIS
          Paralegal Specialist
          316 Federal Building
          240 West Third Street
          Williamsport, PA 17701
          Phone: 717-221-4482
          Facsimile: 717-221-2246

Dated: January 9, 2004


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL NORWOOD, | : | |
| Plaintiff | : | No. 1:CV-01-1005 |
| | : | |
| v. | : | (Smyser, M.J.) |
| | : | |
| DONALD ROMINE, Warden, | : | ELECTRONICALLY FILED |
| Defendant | : | |

**CERTIFICATE OF SERVICE BY MAIL**

   The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

   That on January 9, 2004, she served a copy of the attached

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A NEW TRIAL
PURSUANT TO FED. R. CIV. P. 59(a)**

by electronic means and/or by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania to:

Addressee:

Michael Norwood
Reg. No. 06970-014
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

                                    s/ Michele E. Lincalis
                                    MICHELE E. LINCALIS
                                    Paralegal Specialist