UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MICHAEL NORWOOD          : CIVIL NO: **1:CV-01-1005**
          Plaintiff,    :
                          :
     v.                   :
                          : (Magistrate Judge Smyser)
DONALD ROMINE,            :
          Defendant       :


## ORDER


The plaintiff has filed a motion pursuant to Rule 59(a) of the Federal Rules of Civil Procedure for a new trial.  The plaintiff's motion leads into its discussion of the basis for the motion with a statement of the applicable standard.  The plaintiff cites essentially the Rule 50 standard, that the court must view the evidence for purposes of the motion in the light most favorable to the party against whom the motion is made.  The Rule 59 standard is actually not the same as the Rule 50 standard.  *See 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2806 (2d ed. 1995).*

The plaintiff's burden of proof in this claim involving prison dietary decisions by the defendant prison warden required the plaintiff to prove to the jury that it was more likely than not that the plaintiff had a sincere religious belief that as a follower of the Nation of Islam he should follow a Halal diet and also to prove that it was more likely than not that the defendant's actions contravened the plaintiff's sincere religious beliefs. The jury found for the defendant. The jury was justified in deciding against the plaintiff if it found either that the plaintiff did not sincerely believe that his religion required him to follow a Halal diet or that the defendant's actions did not contravene the plaintiff's sincere religious beliefs.

The defense at trial focused upon the issue of the defendant's personal involvement. The defense, perhaps for strategic reasons, did not focus upon the sincerity of the plaintiff's religious beliefs. The essence of the defendant's theory was that, because the defendant prison warden had relied upon the advice of a religious staff member (Iman Jamia), who had advised him that Mr. Norwood was not a person whose

2

religion requires a Halal diet, defendant Romine was not personally involved in a deprivation.

However the jury may have considered or may have resolved the issue of the defendant's personal involvement, even assuming *arguendo* that there is no reasonable basis upon which the jury might have found an absence of personal involvement, the plaintiff nevertheless would not have been entitled under Rule 50 to a judgment as a matter of law. This is so because there can not in this case be said to be an absence of a basis for a jury to find as to the issue of sincerity of belief in either an affirmative or in a negative way. If the only question decided by the jury had been whether the plaintiff had a sincere religious belief, and if the jury had said no on this issue by finding in favor of the defendant, we could not say that the jury was wrong as a matter of law.

The plaintiff has not supplied a trial transcript to support his Rule 59 motion. He has not cited any trial error or argued that there has been any manifest injustice.

3

We can not discuss the evidence in detail as to the issue of a sincerely held religious belief or as to the issue of the defendant's personal involvement.  However we can say from our recollection of the evidence that, although we found the plaintiff to be quite sincere and devout, the issues of sincerity and of personal involvement were issues in dispute for the jury to decide.  A basis is not presented to substitute our judgment for that of the jury by a finding that there was a miscarriage of justice.

Therefore, **IT IS ORDERED** that the motion of the plaintiff for a new trial is **DENIED**.


/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated:   January 29, 2004.