**UNREPORTED–NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1469
_____

MICHAEL NORWOOD,

Appellant

v.

DONALD ROMINE

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-01005)
Honorable J. Andrew Smyser, Magistrate Judge
_____

Submitted Under Third Circuit LAR 34.1(a)
November 12, 2004

Before:  ROTH, McKEE and CHERTOFF*, Circuit Judges

(Filed March 25, 2005)
_____

OPINION
_____

PER CURIAM

   Michael Norwood, pro se, appeals an order denying his motion for a new trial.

---

   *This case was submitted to the panel of Judges Roth, McKee and Chertoff. Judge Chertoff resigned after submission, but before the filing of the opinion. The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

Norwood suffered an adverse jury verdict in the United States District Court for the Middle District of Pennsylvania. His civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleged a violation of his First Amendment right to free exercise of religion. We will affirm.

     Norwood, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, is a member of the Nation of Islam religion. Upon his arrival at U.S.P. Lewisburg, Norwood was listed as eligible for a Halal diet because of his religion. In October 2000, Lewisburg's Islamic chaplain, Iman Abdul Fattah Jamiu, interviewed Norwood regarding his Halal diet status. Shortly thereafter, Jamiu removed Norwood from the list of inmates receiving Halal meals. Norwood filed an administrative appeal. The Appellee, Donald Romine, the warden of U.S.P. Lewisburg at the time, denied Norwood's appeal. Norwood then exhausted his administrative appeals at the regional and national level without success. Norwood was later permitted to continue receiving a Halal diet. During the interim, however, he spent money in the commissary to buy Halal-approved foods and various items to trade with inmates who brought him their fruits and vegetables from the cafeteria. Norwood, thus, sought compensation for the money he spent at the commissary.

     Norwood alleged that his right to free exercise of religion had been violated when Romine failed to reinstate his Halal diet. Norwood did not name Jamiu as a defendant.

The case was tried by a jury before a Magistrate Judge.  See 28 U.S.C. § 636(c)(1).  The jury returned a verdict in favor of Romine and against Norwood.  Norwood filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a).  He initially filed a motion for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 50, but after the District Court informed him that he was ineligible for j.n.o.v. because he had failed to seek a judgment at the close of the evidence, Norwood moved to strike the j.n.o.v. portion of his motion, and the motion was granted.  In his Rule 59(a) motion, Norwood asserted a miscarriage of justice because the jury found against him in spite of overwhelming evidence against Romine.  The District Court denied the motion in an order entered on January 29, 2004, and Norwood appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

We will affirm.  As an initial matter, we may not review Norwood's appeal of the jury verdict on the basis that the evidence was insufficient because Norwood failed to move for judgment as a matter of law prior to jury deliberations.  See Greenleaf v. Garlock, Inc., 174 F.3d 352, 364 (3d Cir. 1999).  If a party fails to seek a judgment as a matter of law under Rule 50 at the close of evidence, the party may not later seek j.n.o.v. on the basis of insufficient evidence.  See id. (citing Lowenstein v. Pespi-Cola Bottling Co., 536 F.2d 9, 11 (3d Cir. 1976)).  Such a failure also divests a party of its entitlement to seek appellate review of a jury verdict on the basis of sufficiency of the evidence.  See id. (citing Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991)).

We review for abuse of discretion the denial of a Rule 59(a) motion for a new trial on the basis that the verdict is against the weight of the evidence. See id. at 365. A new trial on the basis that the verdict was against the weight of the evidence is only appropriate when the record indicates that the jury's verdict resulted in a miscarriage of justice or "where the verdict, on the record, cries out to be overturned or shocks the conscience." See id. at 366. As the District Court properly concluded, the issues of Norwood's sincerity of belief and Romine's level of personal involvement were factual issues for a jury to decide. The jury heard testimony from Romine regarding his involvement and his reasons for not reversing Jamiu's decision. Based on the evidence presented at trial and the instructions given by the District Court, the jury concluded that Romine did not violate Norwood's free exercise rights. The District Court, therefore, did not abuse its discretion in denying Norwood's Rule 59(a) motion.

Accordingly, we will affirm.